NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-683

COMMONWEALTH

vs.

RODNEY LAVENTURE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The appellant was convicted of a single count of assault and battery in violation of G. L. c. 265, § 13A (a). He now appeals, claiming that errors in the prosecutor's closing require a new trial.

Facts. In reviewing the evidence, we view it in the light most favorable to the Commonwealth. Commonwealth v. Colas, 486 Mass. 831, 833 (2021). It was undisputed at trial that after working earlier in the day, the victim left work, stopped at a liquor store, and purchased four "nip"-sized bottles of vodka. He drank one in his truck on the way home and three more when he got home.

After returning home, the victim went for a walk. While the victim was out walking, the defendant dropped a friend off at the house immediately across the street from the victim. The defendant also lived on the victim's street.

The victim saw the defendant's car and believed he recognized it as a car from which the driver had routinely been throwing trash from a fast-food restaurant onto the street. The victim had previously had to contend with the trash when waiting at the bus stop down the street, had been bothered by it, and sometimes had picked it up and thrown it away himself.

The victim, who was intoxicated, decided to confront the driver of the car, that is, the defendant. He went over to the car and confronted the defendant about the trash. According to the victim's testimony, at one point the victim said, "fuck you," to a young woman in the back seat of the car.

Shortly thereafter, Officer James McKenna found the victim lying in the road. He was propped up on one arm and was sufficiently conscious to provide biographical information to the police. An ambulance took the victim to the hospital.

At the scene, the victim told Officer McKenna he could not remember what happened. Shortly thereafter, another responding officer, Officer Edge, who Officer McKenna had told to look for a cream-colored Infiniti sedan, noticed the defendant stop

2

nearby in a white BMW.  Officer Edge asked the defendant if he had been involved in the incident or knew what had happened, and the defendant told him, "I hit that guy."

At the hospital, the victim was examined by hospital personnel.  The medical records stated that he was being seen for a "head injury" and described the cause as "assault on his own property," but noted that he was "confused" and "did not recall events."  Another record from the hospital stated that "patient was walking to go into his house when a car pulled up and struck him several times on the back of the head and face."

Although when he was lying on the ground at the scene the victim said he could not remember what happened, Officer McKenna testified that he spoke to the victim again at the hospital. According to Officer McKenna, he told the victim what he had learned from witnesses at the scene, and the victim agreed with the account of events the officer provided.  The victim, however, testified that he did not recall speaking to the police at the hospital.  About six days later, after having seen a copy of the police report, the victim told Officer McKenna that he had a clearer recollection of what had happened.  He told Officer McKenna he had confronted the defendant about the trash left in the road and said "fuck you" to one of the passengers, which prompted the defendant to get out of the car.  He stated

3

that he remembered being struck at least once in the face, falling to the ground, and saw another person attempting to pull the defendant away from the victim.

At trial, the victim testified that after he said "fuck you" to the young woman, the defendant got out of the car and hit him. The victim fell to the ground, and he saw a passenger holding the defendant back. He stated that the defendant and his companions were laughing and drove away. During cross-examination, he testified that he remembered everything until he was punched, at which point he thought he lost consciousness.

During closing argument, defense counsel suggested that there were credibility issues given that the victim initially said he didn't remember anything, then said he fell down after he got punched, and then said he had been hit multiple times, and given that the victim had been intoxicated at the time. He argued that the jury just could not know what happened, and that the defendant's statement, "I hit that guy," was ambiguous in that it might have meant he accidently hit him with his car while pulling away.

In his closing, the prosecutor attempted to rehabilitate the victim's credibility. He noted that the victim said he could not remember what happened, but that there was evidence that he had a concussion, that he incorrectly told the medical

4

personnel that he was assaulted on his own property, but that this was a minor detail, and that this was all consistent with him having been punched by the defendant and hitting his head on the pavement. He argued that the victim's story on the stand was the same as the one he had told the police officer subsequent to leaving the hospital. The prosecutor did say,

> "They want to say he's not a very credible witness because he's an alcoholic, because he has a drinking problem, because he's angry at the defendant, it's up to you to accept [sic] the credibility of each witness, decide who you believe. In my opinion, Joseph was very open and honest with you today. Open with all of us today."

He also said,

> "Maybe he was yelling at them. Maybe he shouldn't have done that. But he's not hiding anything from you. He admitted everything that he did wrong on this day. He knows he's not perfect. He knows he wasn't acting perfectly that day. But he wants you to know everything that happened on this day. I think that you would find his testimony very credible. He told you everything he could remember . . . ."

Discussion. We do not agree with the defendant that all of these statements amounted to vouching. But we do think the sentence in which the prosecutor gave his opinion of the victim's credibility and the sentence in which he said that the victim was "not hiding anything from you" require further discussion. Defense counsel objected to these two statements

5

and to the statement, "I think that you would find his testimony credible."[1]

As to the first statement, "In my opinion, Joseph was very open and honest with you today.  Open with all of us today," the prosecutor should not have stated his personal opinion about the honesty of the witness.  This sentence amounts to improper vouching.  "Improper vouching can occur if an attorney expresses a personal belief in the credibility of a witness, or indicates that he or she has knowledge independent of the evidence before the jury."  Commonwealth v. Wilson, 427 Mass. 336, 352 (1998).

The second statement, "he's not hiding anything from you," is a bit more ambiguous, coming as it did between some statements about admissions the victim made of his own bad behavior, and a sentence immediately following the quoted language, "He admitted everything that he did wrong on this day."  It is arguably a statement drawing a reasonable inference from the evidence.  However, because of the way in which it was phrased -- the prosecutor did not, for example, state that he

---

[1] Defense counsel asked for a curative instruction, which the judge denied.  The jury instructions did not include the often-given instruction that closing argument is not evidence.  Rather, the only instruction about opening and closing argument was "[t]he opening statements and closing arguments of the lawyers are not a substitute for the evidence."  Although of course accurate, and while perhaps containing the implication that closing arguments are not evidence, there could have been a clearer statement of the law.

"suggested" that the victim was hiding nothing -- it may reasonably have been read to suggest that, based on something outside the evidence, the prosecutor knew that the witness was not hiding anything.  We will therefore assume, without deciding, that this was improper vouching as well.

Finally, the third sentence, "I think that you would find his testimony very credible," is not actually vouching.  While poorly phrased, it seems that it is a statement that the prosecutor thinks that the evidence is such that it should be persuasive to the jury.

But even were we to assume that all three of the identified sentences amounted to vouching, we do not think the defendant would prevail.  The closing was objected to, so we are reviewing for prejudicial error, see Commonwealth v. Robinson, 493 Mass. 303, 317 (2024), but we do not think, even reading the closing as the defendant does, that prejudice has been shown.  This is because there was evidence that, as even defendant's counsel agreed, the defendant had confessed to the police that he hit the victim.

Although in his own closing, defense counsel suggested that perhaps this meant an accidental touching of the victim by the defendant's car, and even though the victim himself seems to have thought he was hit by a car initially, the medical

7

evidence, aside from the victim's report of events to his providers, supports no such thing.  The medical records state that aside from his head injury, the victim had no "other complaints of pain."  The victim described having a swollen face and a bump on the back of his head.  Given the strength of the evidence against the defendant apart from these three statements in closing, we cannot properly say that any error was prejudicial.[2]

Judgment affirmed.

By the Court (Rubin, Hand & Smyth, JJ.[3]),

*Paul Little*

Clerk

Entered:  November 26, 2025.

---

[2] The defendant also asserts in his brief that the prosecutor improperly "mischaracterized admitted medical evidence and stated a medical diagnosis not in evidence," in his closing statement, but we do not think he has demonstrated that asserting memory loss is consistent with a head injury and concussion amounts to either.

[3] The panelists are listed in order of seniority.